UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNELLE HENSON,

        Plaintiff,                Case No. 13-12271
                                                      Honorable David M. Lawson

v.

BANK OF AMERICA, N.A.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITH PREJUDICE

    Plaintiff Lynelle Henson brought this action against Bank of America and its foreclosure attorneys alleging, among other things, that the Bank violated Michigan law when it offered her an unreasonable loan modification and attempted to foreclose her mortgage by advertisement. The parties stipulated to dismiss the law firm as a defendant as well as certain claims. The Bank has filed a motion to dismiss the remaining claim, contending that the complaint does not plead a viable cause of action. The Court heard oral argument on October 10, 2013, and now finds that the plaintiff has failed to state facts in her complaint that make out a claim against the Bank. Therefore, the Court will grant the motion and dismiss the case.

I.

    According to the complaint, Henson obtained a loan on September 4, 2001 in the amount of $218,500 from ABN AMRO Mortgage Group, Inc. to purchase a home located in Troy, Michigan. As security for the loan, the plaintiff granted a mortgage to ABN AMRO and its successors and assigns. ABN AMRO properly recorded the mortgage in 2001, and on July 27, 2007 assigned the mortgage to LaSalle Bank Midwest, NA, who recorded the assignment on August 20, 2007. On

October 17, 2008, La Salle Bank Midwest, N.A. merged with Bank of America, who presently is the service provider of the plaintiff's loan.

Henson later defaulted on the loan and Bank of America initiated foreclosure proceedings. On August 9, 2011, the Bank sent the plaintiff a foreclosure counselor notice, which Michigan law requires before a lender may foreclose without judicial supervision. *See* Mich. Comp. Laws § 600.3205a(1). The notice advised Henson of her right to contact a housing counselor and to schedule a meeting to discuss loss mitigation options. In 2011, after the notice was sent, Henson filed a one-count complaint against Bank of America in state court to quiet title. The Bank then agreed to consider a loan modification. On January 31, 2012, Henson stipulated to an order dismissing the complaint without prejudice while the loan modification review was pending.

On August 28, 2012, Bank of America approved Henson for a loan modification, but she rejected the offer. Henson contended that the loan modification was "unacceptable" and unrealistic because the Bank failed to classify part of her income as debt, and the reduction in her monthly payment was too small.

The Bank resumed foreclosure by advertisement on December 17, 2012 when its law firm, Trott & Trott, published a notice of the foreclosure sale for four consecutive weeks; it posted notice of the foreclosure sale on December 22, 2012. Henson contends that because the Bank did not comply with the loan modification statutes, the foreclosure sale must proceed before a judge instead of by advertisement.

Henson filed a new complaint in state court on April 29, 2013 against Bank of America and Trott & Trott. The complaint alleged violations of "M.C.L. § 600.3205(1)(g)" and the Fair Debt Collections Practices Act. On May 21, 2012, Bank of America removed the complaint to this Court.

In August 2013, the parties agreed to dismiss Trott & Trott, and the Fair Debt Collections Practices Act count. The Bank has now moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the only remaining count.

## II.

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001) (citing *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). In order to state a viable claim, the plaintiff must state facts in the complaint that include all the elements of her cause of action. The complaint is viewed in the light most favorable to the plaintiff, the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But as the Sixth Circuit explained,

> [t]o survive a motion to dismiss, [a plaintiff] must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, [556 U.S. 662, 678] (2009).

*Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010). Stated differently, under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court, but conclusions ought not be accepted unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

-3-

The allegations in the complaint are sparse. Henson alleges that the Bank offered her "[a]n unacceptable loan modification," and made "repeated failures to properly execute a realistic loan modification" before recommencing foreclosure proceedings. Compl. ¶ 8. Henson makes repeated references in her complaint to "MCL 600.3205(1)(g)" and alleges that that statute entitles her to demand that the Bank proceed by way of judicial foreclosure instead of foreclosure by advertisement.

The Bank argues without much elaboration that the allegations fail to establish a right to relief under the Michigan statutes because the plaintiff has no right to a loan modification, much less a "realistic" one. However, that argument does not focus on the elements of the plaintiff's statutory cause of action, which must be the central point when assessing whether the complaint is sufficient.

The elements of a statutory cause of action are derived from the statutes upon which the plaintiff relies. "[T]he starting point in every case involving construction of a statute is the language itself." *Watt v. Alaska*, 451 U.S. 259, 265 (1981).

Because there is no Michigan statute designated as "MCL 600.3205(1)(g)," the Court will presume that the plaintiff's mis-citation is intended to refer to Michigan Compiled Laws § 600.3205a(1)(g), the language of which is quoted in the complaint. That statute states:

> (1) [B]efore commencing a proceeding under this chapter to which section 3204(4) applies, the foreclosing party shall serve a written notice on the borrower that contains all of the following information:
> . . .
> (g) That if the borrower and the person designated under subdivision (c) do not agree to modify the mortgage loan but it is determined that the borrower meets criteria for a modification under section 3205c(1) and foreclosure under this chapter is not allowed under section 3205c(7), the foreclosure of the mortgage will proceed before a judge instead of by advertisement.

Mich. Comp. Laws § 600.3205a(1)(g) (footnote omitted). The statute plainly states that a mortgage holder may not commence foreclosure-by-advertisement proceedings without first serving a notice on the borrower that contains several items of information. The plaintiff does not allege that the Bank failed to serve the required notice advising her of her right to seek a loan modification. To the contrary, the plaintiff acknowledges that she engaged in the loan modification process with the Bank. No claim, therefore, can be based on section 3205a(1)(g).

Reading the complaint generously, one might infer that the plaintiff has attempted to invoke a different statute, one that is cited in section 3205a(1)(g), namely section 3205c(7). That statute states:

> (7) If the determination under subsection (1) is that the borrower is eligible for a modification, the mortgage holder or mortgage servicer may proceed to foreclose the mortgage under this chapter [i.e., by advertisement] if both of the following apply:
> (a) The person designated under section 3205a(1)(c) has in good faith offered the borrower a modification agreement prepared in accordance with the modification determination.
> (b) For reasons not related to any action or inaction of the mortgage holder or mortgage servicer, the borrower has not executed and returned the modification agreement within 14 days after the borrower received the agreement.

Mich. Comp. Laws § 600.3205c(7). The next subsection of the statute states that if the mortgage holder does not satisfy the terms of subsection (7), the borrower may file a lawsuit "to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8).

Based on the plain language of the statute, to state a claim under section 3205c(8), the plaintiff must plead and prove that (1) the borrower is eligible for a loan modification under the related statutory provisions; and *either* (2) the mortgage holder failed to offer the borrower a loan modification in good faith; *or* (3) the borrower executed and returned the modification agreement within 14 days. Henson alleges in her complaint that she was qualified for a loan modification. She

also acknowledges that the Bank offered her a modification and that she refused it. The viability of her complaint, therefore, depends on whether she has pleaded that the Bank's offer was not made "in good faith."

"Good faith" is not defined in the Michigan mortgage statutes. When construing a statute, the Court must give the words their "ordinary meaning." *Moskal v. United States*, 498 U.S. 103, 108 (1990). The dictionary definition of good faith is "honesty or lawfulness of purpose." Webster's Collegiate Dictionary Tenth Edition, p. 502 (1997). Michigan case law has construed the term in various ways. In the context of the Michigan governmental immunity statute, "[g]ood faith means acting without malice." *Norris v. Lincoln Park Police Officers*, 292 Mich. App. 574, 579, 808 N.W.2d 578, 582 (2011) (citing *Armstrong v. Ross Twp.*, 82 Mich. App. 77, 85-86, 266 N.W.2d 674 (1978)). In *Miller v. Riverwood Recreation Center, Inc.*, the court observed that "Black's Law Dictionary (6th ed), p 693, defines 'good faith,' in part, as 'an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage.'" 215 Mich. App. 561, 571, 546 N.W.2d 684, 689 (1996). In the real estate Seller Disclosure Act, "'good faith' means honesty in fact in the conduct of the transaction." Mich. Comp. Laws § 565.960. In the context of this case, which concerns a mortgage loan, the definition found in the Uniform Commercial Code as adopted in Michigan is perhaps most applicable. "'Good faith', except as otherwise provided in article 5, means honesty in fact and the observance of reasonable commercial standards of fair dealing." Mich. Comp. Laws § 440.1201(2)(t).

Measured against the last definition, the allegations in the complaint fall far short of stating the elements of a cause of action under section 3205c(8). The plaintiff has not alleged that Bank of America failed to offer her a loan modification "in good faith." She alleges only that the Bank

violated the statute by offering a loan modification that was "unacceptable" and not "realistic." Compl. ¶ 8. She has not pleaded any facts to fortify those conclusions, although she has argued in her brief in opposition to the motion to dismiss that the proposed modification — which reduced her yearly payments by a "whopping" $547.56 — was "designed to ensure that Plaintiff would again default in the near future, bringing her back to where she started." Pl.'s Br. in Opposition to Mot. to Dismiss at 7. Even if the Court were to engraft those arguments onto the complaint, those allegations must be viewed as "conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 664.

The plaintiff does allege in her complaint that the Bank "failed to recognize that part of Plaintiff's income was not income but actual debt." Compl. ¶ 8. That allegation may be enough to infer that the defendant made a mistake, but it does not justify the inference that the Bank acted dishonestly in the observance of reasonable commercial standards of fair dealing. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557). The allegations are not sufficient to support an inference that the Bank failed to act in good faith.

The Court must conclude, therefore, that the plaintiff has not stated a viable cause of action in the remaining count of her complaint.

### III.

The Court finds that the plaintiff has not stated a claim in her complaint for which relief can be granted. The defendant is entitled to dismissal under Rule 12(b)(6).

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  October 18, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 18, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON